Hon. L. E. Coons, March 9, 1939, Page 2

620

which are filed or recorded in the office of the
County Clerk under the Registration Laws of this State;
providing that no tax shall be levied on instruments
for an amount of Two Hundred Dollars ($200) or less.
After the effective date of this Act, except as herein-
after provided, no instrument creating a lien of any
character to secure the payment of money, or reserving
title to any property until the purchase price thereof
shall have been paid, shall be filed or recorded by any
County Clerk in this State until there has been affixed
to such instrument stamps in accordance with the pro-
visions of this Section; and providing further that
the provisions of this Section shall not apply to re-
newals or extensions of any notes or obligations, and
specifically shall not apply to refunding of existing
bonds or obligations. . . ."

There can be no doubt but that the holder of the instrument
was entitled to have the same recorded as a deed of trust in the
deed of trust records, without having the same filed as a chattel
mortgage and noted in the chattel mortgage records. He was not
required to undergo that expense unless he so desired. It was his
right to withdraw the instrument after it had been copied into the
deed of trust records. If he elected to avail himself of these
rights, the clerk was guilty of no delinquency in not entering the
same in the chattel mortgage records and in delivering the instru-
ment back to him. So far as being a chattel mortgage is concerned,
the instrument is presented to the county clerk for the first time.

The Act plainly provides that after its effective date
"no instrument creating a lien . . . shall be filed or recorded
. . . until there has been affixed to such instrument stamps."
The same has no stamps affixed to it. No exception is made for
the benefit of instruments which had been executed prior to the
Act. No language therein contained indicates any intention to
exempt instruments theretofore executed from its operation.

This Department has always taken the position that the
tax levied by the above article is an excise tax or a tax upon the
privilege of recording. In 4 Cooley on Taxation, 4th Ed. 3379, it
is said;

"Stamp taxes are a form of excise tax. They are
generally imposed by the federal government although
they may be imposed by a state."

on. L. T. Coons, March 9, 1939, Page 3

Even the Supreme Court of the United States in the case of Thomas vs. United States, 192 U. S. 363, 24 S. Ct. 305, 48 L. Ed. 481, said that "stamp taxes ordinarily" are excise taxes.

It is noted that the tax applies only to those instruments which are filed or recorded and does not apply to any instrument unless the same is so filed or recorded. This can mean only that the tax is one which is levied upon the privilege of recording the instrument rather than upon the instrument itself or the note which is secured by such instrument.

In the instant case, it is sought to make use of the records. This being a tax upon the privilege of using such records, it is wholly immaterial whether the instrument existed prior to the effective date of the act or not. In our opinion the county clerk should require the instrument to be stamped before he accepts the same for filing.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVED

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS